## TILLIE BLUM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13059. Promulgated June 21, 1948.

*George L. Weisbard, Esq.,* for the petitioner.
*Harold H. Hart, Esq.,* for the respondent.

**OPINION.**

Murdock, *Judge*: Section 22 (k) of the code provides that, in the case of a wife who is divorced from her husband under a decree of divorce, periodic payments received subsequent to such decree in discharge of a legal obligation which, because of the marital relationship,

is imposed upon or incurred by the husband under such decree or under a written instrument incident to such divorce, shall be included in the gross income of the wife and not in the gross income of the husband. It further provides that installment payments discharging a part of an obligation, the principal sum of which is, in terms of money, specified in the decree or instrument, shall not be considered periodic payments for the purpose of this subsection, "except that an installment payment shall be considered a periodic payment for the purposes of this subsection if such principal sum, by terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument * * *."

The only question for decision is whether the 10-year period described in the exception quoted above begins to run from March 2, 1935, when the decree was entered, or from February 27, 1935, the date of the agreement. Both sides recognize that the terminal date was March 1, 1945. Thus, there was a period of more than 10 years if it began to run on the earlier date, but there was not a period of more than 10 years if it began to run on the later date. The question is new. The Commissioner stated that there is pending in this Court a companion case against the husband in which the Commissioner is contending that the same income is taxable to him. Obviously, the income is taxable to either the husband or to the wife, and the Commissioner is taking these precautions so that he may collect the tax from the one from whom it is lawfully due.

The Commissioner now concedes, contrary to the explanation which he gave in the notice of deficiency for the 1942 adjustment, that the principal sum of $120,000 was specified in the written instrument of February 27, 1935. The petitioner contends that the period within which the principal sum of $120,000 was to be paid did not begin to run until the decree was entered on March 2, 1935. The Commissioner now contends that the period began with the date of the agreement, February 27, 1935, or else began on February 28, when, he says, the judge signed the decree. The court records do not show when the decree was signed. The Commissioner called as a witness the attorney for the husband at the time the divorce was granted. He testified to a recollection that he saw the judge sign the decree in his chambers on February 28, 1935, at a time when the clerk was not present.[1] The parties disagree as to the admissibility of that evidence, but that question and, if the evidence was admissible, the further question of whether the testimony overtaxes our credulity, can be passed as immaterial for reasons which will later appear. Cf. *Stein* v. *Meyers*,

---

[1] The records of the clerk of the court show that an order was entered on March 1, 1935, permitting Tillie Blum to amend her supplemental cross-bill and directing that the answer of Harry Blum theretofore filed should stand as an answer to the supplemental cross-bill as amended. That record also shows that the decree of divorce was entered on March 2, 1935.

253 Ill. 199; 97 N. E. 295. The instrument, that is the agreement of February 27, 1935, expressly provided that it would be effective only in the event that the court "shall enter a decree of divorce." Thus, the obligation to pay the principal sum of $120,000 was not imposed upon or incurred by the husband under the written instrument alone, but only under that agreement in conjunction with the entered decree. The parties did not choose to have their agreement become effective upon the signing of a decree by the judge, but chose instead to have it effective only upon the entry of a decree. The entry not only officially records, but announces and publicizes the fact that a divorce has been granted. The entry of the decree is usually the final act in the series of court proceedings and the entry includes a date. It is not surprising that the parties to the agreement of February 27, 1935, chose that event, rather than some other less definite one, as the event upon which, and as the date at which, their agreement should become effective.

The words "date of such decree or instrument" refer to a decree or to an instrument under which the legal obligation to pay the principal sum was imposed upon the husband. Common sense requires the conclusion that the date which Congress intended was the effective date, the date when the legal obligation was actually imposed for the first time. Here the obligation was imposed by a combination of the instrument and the entered decree which made it effective for the first time. Thus the date of the beginning of the period was March 2, 1935. The period intended is that from the time when the obligation was imposed to the last day upon which it could be properly discharged. If the principal sum "may be or is to be paid" within that period and the period is more than 10 years then the payments are taxable to the wife, rather than to the husband. That is not the situation here and these payments are installment payments and they are not taxable to the wife.

The petitioner makes no argument against the inclusion in her income of the stipulated amount of the interest received in each year.

*Decision will be entered under Rule 50.*