Harry Blum v. Commissioner.
Blum v. Commissioner
Docket No. 17451.
United States Tax Court
1948 Tax Ct. Memo LEXIS 55; 7 T.C.M. (CCH) 798; T.C.M. (RIA) 48223; October 26, 1948
*55 David Levinson, Esq., and Sidney M. Perlstadt, Esq., for the petitioner. H. H. Hart, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar years 1943 and 1944. Deficiencies were determined in the respective amounts of $10,924.51 and $8,843.98, so far as here involved because of inclusion in the petitioner's income of certain alimony payments made to his wife. The question presented is whether such payments are deductible by the petitioner. From a stipulation of facts and evidence adduced we find: [The Facts] The petitioner, a resident of Illinois, filed his Federal income tax returns for the taxable years with the collector at Chicago, Illinois. He was married to Tillie Blum in 1914 and in 1932 filed against her a divorce action in the Superior Court of Chicago. She filed, and later amended, answer and cross-bill. The parties entered into a settlement agreement reciting, in pertinent part, that it is made and entered into on February 27, 1935, but also reciting as follows: "FIRST: This Agreement is expressly declared by both parties to be effective only in the event that said Superior Court of Cook *56 County, upon due and proper consideration of the cross-bill as finally amended, and the evidence adduced by both parties, shall enter a decree of divorce severing the bonds of matrimony existing between them. In the event that the said court, upon due and proper consideration of the said cross-bill as finally amended, and the evidence adduced by the parties, shall not enter a decree of divorce so severing the bonds of matrimony between them, this agreement shall become and be null and void." The agreement provided for petitioner's payment of $120,000 to his wife, payable $7,500 on the first day of March 1936 and each March 1st thereafter until final payment of $52,000 on or before March 1, 1945. Interest at 5 per cent on the $120,000 was payable in equal monthly installments beginning April 1, 1935, and on the first day of each month thereafter. On February 28, 1935, a judge of the Superior Court heard the divorce case and signed a decree of divorce, incorporating and adopting the settlement agreement. The decree was entered of record on the docket on March 2, 1935, and stamped "Entered March 2, 1935, Judge Rudolph F. Desort." During 1935 the petitioner paid Tillie Blum $4,500 *57 interest but no principal. During 1936-1945 he paid her a total of $120,000 principal and $41,710.52 interest, the last payment of principal and interest being on March 1, 1945. The payments were: In 1942 (here involved because of the Current Tax Payment Act of 1943), $13,000 principal, $3,092.80 interest; in 1943, $8,000 principal, $2,423.67 interest; in 1944, $12,000 principal, $1,760.64 interest. In his income tax returns for the respective years he claimed the same amounts as deductions, except that the claim for deduction of principal for 1942 was $12,000, and in 1943 interest of $3,423.67 was deducted. (Petitioner admits on brief that the amount should be $2,423.67). The Commissioner in the notice of deficiency determined that the payments were not allowable deductions under section 23 (u) of the Internal Revenue Code. The respondent agrees upon brief that the interest payments were proper deductions. [Opinion] Section 23 (u) of the Internal Revenue Code allows a husband, described in section 22 (k), to deduct amounts includible under section 22 (k) in the gross income of his wife; and section 22 (k) provides, so far as here *58 is concerned, that a wife divorced under a decree of divorce shall include in gross income periodic payments received subsequent to the decree in discharge of a legal obligation imposed under such decree or under a written instrument incident to such divorce, and shall include in gross income as periodic payments installment payments if the principal sum is, by the terms of the decree or instrument, payable "within a period ending more than 10 years from the date of such decree or instrument." The petitioner contends that the payments made in the taxable years were under an agreement providing for final payment of more than ten years from the date of decree of divorce, on February 28, 1935, and date of agreement or instrument on February 27, 1935, so that the wife was taxable and the deduction is allowable; while the respondent contends that the final payment date, March 1, 1945, was less than ten years from March 2, 1935, the date of entry of the decree of divorce, adopting the settlement agreement, and that, therefore, the petitioner is not entitled to the deduction claimed. He cites Tillie Blum, 10 T.C. 1131, involving petitioner's wife and the same agreement and *59 divorce here concerned and urges, in short, that we there held that the crucial date, under the statutory expression "date of such decree or instrument" was the effective date, when the legal obligation was imposed for the first time, which was by a combination of the instrument and the decree entered on March 2, 1935. The petitioner urges that the conclusion in Tillie Blum, supra, was error, not controlling here, and that the date of the instrument, and not the effective date, was the date intended by Congress in section 22 (k). We are unable to distinguish the Tillie Blum case, and though, of course, it is not a matter of res adjudicata here, we consider it authority which binds us in this case. The facts are in no particular different. Petitioner points out that the evidence here contains the testimony of the judge in the divorce court that he signed the decree on February 28, 1935; but in Tillie Blum we had before us the evidence of the attorney for the petitioner in the divorce case that he saw the judge sign the divorce decree in chambers on February 28, 1935, so that the evidence is the same in both cases, merely being cumulative here on that point. * We there *60 concluded that the fact of the signing of the decree on February 28, 1935, was immaterial and held the crucial fact was the entering of the decree of record which was March 2, 1935. We adhere to that conclusion here. Though it is ordinarily true that the date of the instrument is the one on which it says it is executed, it is competent for the parties thereto to agree that it is dated as of a different time. Wright v. Prudential Insurance Co. of America, 80 P. (2d) 752. Here the parties to the instrument very carefully and particularly, and in the first numbered paragraph thereof, "expressly declared" that it is to be effective only in the event that the court "shall enter a decree of divorce severing the bonds of matrimony" and that in the event the court "shall not enter a decree of divorce so severing the bonds of matrimony between them, this agreement shall become and be null and void." It is clear to us, therefore, that the parties to the instrument here involved definitely agreed that the instrument, though actually signed on February 27, 1935, was to be without effect until in every respect a divorce decree became effective, by entry; and that, therefore, there *61 is no error in our conclusion in the Tillie Blum case that the date here to be considered is March 2, 1935, the date of such entry. This conclusion is fortified by the fact that section 22 (k) refers to "a legal obligation which * * * is imposed upon or incurred by such husband under such decree or under a written instrument * * *." The obligation did not arise within the intendment of the instrument until entry of the divorce decree. This fact is borne out by the evidence before us here that in 1935 the petitioner paid to his former wife exactly $4,500, and the fact that the instrument provides that 5 per cent interest shall be paid on the $120,000, in equal monthly installments beginning with April 1, 1935. The $4,500 is 5 per cent upon $120,000 for nine months, therefore interest did not begin to run on February 27, 1935, but at the earliest from March 1, 1935. Section 22 (k) provides that there is periodic payment (included in the wife's gross income) if the principal sum is to be paid within a period "ending more than 10 years from the date of such decree or instrument," and March 1, 1945, the date specified in the instrument on which final payment could be made, is not "more *62 than" 10 years either from March 2, 1935, or March 1, 1935, from which interest was actually paid. In our opinion, the parties to the instrument here involved did, as they could, date the instrument as of the date of entry of divorce decree within reasonable and proper construction of the statute. Their language indicates that they were careful to assure themselves that there was no obligation and no effective agreement until a divorce was fully assured by entry thereof by the Superior Court. Otherwise the agreement was to be null and void. To give it effect from February 27, 1935, would be contrary to the provisions they made. They did not refer to the mere signing of a decree and, therefore, the petitioner is wrong, we think, in the idea that it is narrow and technical to date the instrument from the date of entry. Rather, in our opinion, it is sound conclusion in line with the objective of the statute. We perceive no error in our conclusions in Tillie Blum, supra, nor in the action of the Commissioner in denying the deductions claimed by the petitioner. Because of the concession made as to interest being properly deducted, *63 Decision will be entered under Rule 50. Footnotes
*. Respondent objected to the testimony of the attorney and moved to strike the testimony of the judge who granted the divorce. Both motions are denied.↩