OPINION. LeMike, Judge: The question presented is whether for each of the taxable years involved annual payments of alimony received by petitioner from her former husband subsequent to a decree of divorce are taxable as income to petitioner under the provisions of section 22 (k) of the Internal Kevenue Code of 1939. That section provides in substance that periodic payments received by a wife from her husband subsequent to a decree of divorce, in discharge of a legal obligation which, because of the marital relationship, is imposed upon or incurred by the husband under such decree or under a written instrument incident to such divorce, shall be included in the gross income of the wife for tax purposes. It is further provided that an.installment payment shall be considered a periodic payment if the principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument. Both, the separation agreement of February 13,1945, and the divorce decree of February 16, 1945, fix the date for the annual payment of alimony as the anniversary date of the entry of the divorce decree. Hence the terminal date of the last alimony payment was February 16,1955. If the legal obligation to pay the principal sum in question annually for a period of 10 years arose from the separation agreement, there was a period of more than 10 years and such payments would be includible in petitioner’s gross income for each of the taxable years involved. On the other hand, if the legal obligation arose from the decree of divorce, there was not a period of more than 10 years and such payments would not be taxable to petitioner. Respondent contends that the legal obligation to make the alimony payments in question arose under the separation agreement of February 13,1945, because that agreement and the companion pledge agreement of the same date were presently effective and valid contracts. The divorce decree, respondent argues, was a mere condition precedent to the alimony payments and not an event required to happen before the agreement became a binding agreement. We disagree. Clearly, the separation agreement contemplated and was incident to the petitioner’s action for divorce. Equally clear is the fact that the payments in question were to be made only in the event of a divorce. Hence the effective date when the legal obligation was imposed was the date of the divorce decree. That decree specifically set forth the obligations of Floyd R. Newman regarding alimony payments and further provided that the payments were to be paid to petitioner regardless of her remarriage, and in the event of her death prior to the payment of all installments the remainder of such installments were to be paid to her personal representative. The decree likewise set forth the obligations of the husband with respect to the promissory notes and the single premium life insurance policy which had been the subject of a prior pledge agreement. Finally, the divorce court reserved jurisdiction to enforce the orders contained in the decree. Accordingly, we think the case of Commissioner v. Blum, 187 F. 2d 177, reversing 10 T. C. 1131, certiorari denied 342 U. S. 819, relied upon by respondent, is distinguishable from the instant proceeding and is not controlling. We hold that for each of the taxable years 1946 to 1953, inclusive, the payments in question were installment payments payable within a period of not more than 10 years and hence not taxable to petitioner. It was error for respondent to include such payments in petitioners gross income for such years. Decision will be entered, for the petitioner.